**Charles E. RYAN, Petitioner–Appellant,**

v.

**Israel RIVERA, Superintendent of Washington Correctional Facility, Respondent–Appellee.**

No. 00–2153.

United States Court of Appeals, Second Circuit.

Oct. 9, 2001.

Richard L. Herzfeld, New York, NY, for appellant.

Marlene O. Tuczinski, Assistant Solicitor General; Eliot Spitzer, Attorney General of the State of New York, and Nancy A. Spiegel, Assistant Solicitor General, on the brief, Albany, NY, for appellee.

Present WALKER, Chief Judge, LEVAL, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Petitioner-appellant Charles E. Ryan appeals from the February 7, 2000 judgment of the district court adopting the magistrate's Report Recommendation and denying Ryan's habeas corpus petition, brought pursuant to 28 U.S.C. § 2254. In his habeas petition, Ryan sought appointment of counsel and to vacate his 1995 conviction for one count of assault in the first degree and one count of leaving the scene of an accident without reporting, for which he was sentenced to a term of imprisonment of six and one-third to nineteen years. On December 29, 2000, this court appointed counsel and granted Ryan's motion for a certificate of appealability.

Ryan's conviction arises from an incident in Albany, New York in which he struck a former girlfriend, Patricia Cum-

mings, by car and then fled the scene. Although Ryan told his trial counsel that he was in Schnectady, New York with two friends when the incident occurred and that the two friends, William Garrity and John Hoffman, would testify to that effect, his counsel apparently did not interview the proposed alibi witnesses or call them to testify at Ryan's trial. In his federal habeas petition to the district court, Ryan unsuccessfully argued, *inter alia,* that his counsel's failure to adequately investigate and call these alibi witnesses constitutes ineffective assistance of counsel in violation of the Sixth Amendment.

This court granted a certificate of appealability in connection with the following issues: (1) whether the district court had a proper factual basis for its determination that trial counsel did not render ineffective assistance by failing to call two alibi witnesses at trial; and (2) whether trial counsel's decision not to call the two alibi witnesses was reasonable and, if unreasonable, whether petitioner was prejudiced by counsel's errors such that petitioner was denied the effective assistance of counsel.

At the outset, we note that the district court had a proper factual basis for its determination of the effectiveness of Ryan's trial counsel. Specifically, the district court had before it a letter from one of the proposed alibi witnesses detailing his encounter with Ryan's trial counsel, motion papers from a state court proceeding that described the information received and efforts taken by Ryan's trial counsel with regard to the alibi witnesses, and the trial record. These sources were sufficient to enable the district court to "fully resolve [the] ineffective assistance of counsel claim." *Foster v. Ward,* 182 F.3d 1177, 1184 (10th Cir.1999).

Though we review *de novo* the district court's denial of the habeas petition, *Wash-*

*ington v. Schriver,* 255 F.3d 45, 52 (2d Cir.2001), Ryan faces two obstacles. First, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), in order to obtain a writ of habeas corpus Ryan must show that the state court's decision rejecting his ineffective assistance claim "was contrary to, or involved an unreasonable application of" clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Second, in order to establish that his trial counsel's representation was ineffective, Ryan must show that the representation (1) was not within the standards of objectively reasonable conduct and that it (2) prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In assessing whether the conduct of Ryan's trial counsel was reasonable, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. Moreover, when a party challenges matters of trial strategy, such as the decision not to call a witness, even greater deference is generally warranted: "[A]n appellate court on a cold record should not second-guess such decisions unless there is no strategic or tactical justification for the course taken." *United States v. Luciano,* 158 F.3d 655, 660 (2d Cir.1998). We find that Ryan cannot meet this burden.

In this case, the record shows that Ryan's trial counsel made a strategic decision in declining to call Ryan's proposed alibi witnesses. As was noted by the magistrate in his Report Recommendation, Ryan's counsel spoke with the proposed alibi witnesses before trial and told them that he would not call them to testify because the prosecution "would tear [them] apart." We are not inclined to second-guess this strategic decision.

On appeal, Ryan seeks to undermine the reasonableness of this decision by arguing that his counsel failed to adequately investigate his alibi defense by, among other things, not interviewing the proposed witnesses. Although this court has indicated that the failure to interview a proposed alibi witness is unreasonable in some circumstances, *see, e.g., Pavel v. Hollins,* 261 F.3d 210, 220–22 (2d Cir.2001), it is also true that "when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." *Strickland,* 466 U.S. at 691. Here, Ryan's counsel asked Ryan to obtain statements from the witnesses which, together with what Ryan had told him and the police reports obtained by discovery, provided counsel with sufficient information to conclude, as he apparently did, that the alibi witnesses were not credible or that their testimony would harm Ryan more than it would help him. Thus, we find that Ryan's trial counsel fulfilled his "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* Given this conclusion, we certainly cannot find that the state court's findings were unreasonable.

Because we find that the conduct of Ryan's trial counsel was reasonable, we do not need to address the question of prejudice.

Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED.**